1
2
3
4
5
6
7
8            **UNITED STATES DISTRICT COURT**

9            **EASTERN DISTRICT OF CALIFORNIA**

10

11   RICHARD JACKSON,                    )   Case No.: 1:13-cv-00986- LJO-BAM (PC)
                                         )
12                     Plaintiff,        )   ORDER DISMISSING COMPLAINT WITH
                                         )   LEAVE TO AMEND
13            v.                         )   (ECF No. 1)
                                         )
14   MIKE PALOMBO and R. NINO,           )
                                         )   FIFTEEN-DAY DEADLINE
15                     Defendants.       )
                                         )
16   _____ )

17

18                          **Findings and Recommendations**

19   **I.      Screening Requirement**

20            Plaintiff Richard Jackson ("Plaintiff") is a state prisoner proceeding pro se and in forma

21   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's complaint, filed on June

22   27, 2013, is currently before the Court for screening.

23            The Court is required to screen complaints brought by prisoners seeking relief against a

24   governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. §

25   1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or

26   malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

27   from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. §

28   1915(e)(2)(B)(ii).

                                              1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

III.   **Discussion**

A.      **Case Number 1:10-cv-01129-SKO, Jackson v. Palombo**

On June 23, 2010, Plaintiff filed case number 1:10-cv-01129-SKO, Jackson v. Palombo, et al., in the United States District Court for the Eastern District of California. Plaintiff sued Mike Palombo, R. Niino and S. Meza.

On June 16, 2011, Plaintiff filed a first amended complaint. In the amended complaint, Plaintiff alleged that on July 9, 2009, during a mandatory unclothed body and cell search, Defendant Palombo got mad because Plaintiff was slow taking off his clothes. Defendant Palombo failed to realize that Plaintiff utilized a four-legged metal walker with 25 screws in his left leg and lower ankle with a steel 10 inch rod from surgery. Defendant Palombo placed Plaintiff in hand cuffs waist chain body restraints through the tray slot. When the cell door opened, Plaintiff asked Defendant Palombo

2

to please loosen the tight cuffs.  Defendant Palombo said shut up, knocked Plaintiff to the ground and started beating Plaintiff while Defendant Niino held Plaintiff down.  Defendant Palombo kicked Plaintiff in the head, side and back.  Plaintiff was knocked unconscious and had to be taken to medical in a wheelchair.  Once Plaintiff gained consciousness, he noticed that the institution service unit arrived immediately and started taking pictures of Plaintiff's bloody injuries for evidence.  The next day, Plaintiff's eyes were puffy and black and he was bloody.  Defendant Nurse Meza refused to bandage the open wounds and refused to take him to the hospital.  Plaintiff was not provided medical attention and was thrown in the hole.

On April 16, 2012, the Court dismissed Defendant Meza based on Plaintiff's notice of voluntary dismissal.  On January 15, 2013, the Court granted summary judgment in favor of Defendants Palombo and Niino on the ground that Plaintiff's excessive force claim against Defendants Palombo and Niino was barred by the favorable termination rule.  The Court dismissed Plaintiff's excessive force claim without prejudice and judgment was entered against Plaintiff.  Although Plaintiff appealed, the appellate matter was dismissed on April 16, 2013, because Plaintiff failed to perfect the appeal.

**B.     Case Number 1:13-cv-00986-BAM, Jackson v. Palombo**

Shortly after dismissal of his appeal, Plaintiff filed the instant action on June 27, 2013, against Defendants Palombo and Nino for excessive force.  Plaintiff alleges as follows:  On July 9, 2009, a mandatory unclothed body search was being conducted by KVSP prison guards.  During the search, Defendant Palombo got mad at Plaintiff because Plaintiff was slow taking off his clothes.  Defendant Palombo failed to realize that Plaintiff utilized a four-legged metal walker, had 25 screws in his left leg and lower ankle and a 10 inch steel rod from surgery.  Defendant Palombo placed the hand cuffs waist chain body restraints tightly on Plaintiff's wrist through the tray slot.  This caused Plaintiff's hands to swell up and turn red.

When the cell was opened, Plaintiff asked Defendant Palombo to please loosen the cuffs.  Defendant Palombo told Plaintiff to shut the fuck up, knocked Plaintiff to the ground and started beating plaintiff, while Defendant Nino held Plaintiff down.  Defendant Palombo kicked Plaintiff in his injured leg, and on his head, face and back.  Plaintiff was knocked unconscious and had to be taken

to the infirmary in a wheelchair.  Once Plaintiff gained consciousness, he noticed that an institution service unit arrived and started taking pictures of Plaintiff's injures for evidence.  The next day, Plaintiff's eyes were swollen and black and he was bleeding profusely.  Plaintiff alleges that he was denied medical attention by Defendant Palombo and Nino.  Plaintiff was thrown in the hole without medical care for months on a false charge.

### C. Analysis

In Jackson v. Palumbo, et al., Case No. 1:10-cv-01129-SKO, the Court found that Plaintiff's excessive force claim against Defendants Palombo and Nino was barred by the favorable termination rule based on evidence that Plaintiff lost good time credits as a result of being found guilty of battery on a peace officer.

It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief.  Wilkinson v. Dotson, 544 U.S. 74, 78, 125 S.Ct. 1242 (2005) (action for restoration of good-time credits demands immediate release or a shorter period of detention and attacks duration of physical confinement).  Often referred to as the favorable termination rule or the Heck bar, this exception to section 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement - either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody."  Wilkinson, 544 U.S. at 81 (emphasis in original).  Thus, "a state prisoner's [section] 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."  Id. at 81-2.

In the present action, Plaintiff has not alleged that his time credits have been restored or that his disciplinary conviction was overturned or otherwise invalidated.  Plaintiff will be given leave to cure this deficiency to the extent that he can do so in good faith.

///

///

4

IV.     **Conclusion and Order**

For the reasons stated, Plaintiff's complaint shall be dismissed.  The Court will provide Plaintiff with the opportunity to file an amended complaint to cure the identified deficiency.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).  Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a complaint form;

2.      Plaintiff's complaint is dismissed;

3.      Within fifteen (15) days from the date of service of this order, Plaintiff shall file a first amended complaint; and

4.      If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **June 4, 2014**                     ___/s/ Barbara A. McAuliffe___
                                              UNITED STATES MAGISTRATE JUDGE