# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JACKSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MIKE PALOMBO, et al.,<br><br>　　　　Defendants. | Case No.: 1:13-cv-00986- LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO OBEY A COURT ORDER<br>(ECF Nos. 13, 14)<br><br>FOURTEEN-DAY DEADLINE |

### **Findings and Recommendations**

**I.　　Screening Requirement**

Plaintiff Richard Jackson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On June 4, 2014, the Court dismissed Plaintiff's original complaint, filed on June 27, 2013, with leave to amend.  In so doing, the Court expressly directed Plaintiff to address, if he could do so in good faith, his failure to allege that his time credits had been restored or that his disciplinary conviction was overturned or otherwise invalidated. (ECF No. 13, p. 4.)  Plaintiff's first amended complaint, filed on June 16, 2014, is currently before the Court for screening.

1

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**III.   Review**

**A.   Case Number 1:10-cv-01129-SKO, Jackson v. Palombo**

On June 23, 2010, Plaintiff filed case number 1:10-cv-01129-SKO, Jackson v. Palombo, et al., in the United States District Court for the Eastern District of California. Plaintiff sued Mike Palombo, R. Niino and S. Meza.

On June 16, 2011, Plaintiff filed a first amended complaint. In the amended complaint, Plaintiff alleged that on July 9, 2009, during a mandatory unclothed body and cell search, Defendant Palombo got mad because Plaintiff was slow taking off his clothes. Defendant Palombo failed to realize that Plaintiff utilized a four-legged metal walker with 25 screws in his left leg and lower ankle with a steel 10 inch rod from surgery. Defendant Palombo placed Plaintiff in hand cuffs waist chain body restraints through the tray slot. When the cell door opened, Plaintiff asked Defendant Palombo to please loosen the tight cuffs. Defendant Palombo said shut up, knocked Plaintiff to the ground and started beating Plaintiff while Defendant Niino held Plaintiff down. Defendant Palombo kicked Plaintiff in the head, side and back. Plaintiff was knocked unconscious and had to be taken to medical in a wheelchair. Once Plaintiff gained consciousness, he noticed that the institution service unit arrived immediately and started taking pictures of Plaintiff's bloody injuries for evidence. The next day, Plaintiff's eyes were puffy and black and he was bloody. Defendant Nurse Meza refused to bandage the open wounds and refused to take him to the hospital. Plaintiff was not provided medical attention and was thrown in the hole.

On April 16, 2012, the Court dismissed Defendant Meza based on Plaintiff's notice of voluntary dismissal. On January 15, 2013, the Court granted summary judgment in favor of Defendants Palombo and Niino on the ground that Plaintiff's excessive force claim against Defendants Palombo and Niino was barred by the favorable termination rule. The Court dismissed Plaintiff's excessive force claim without prejudice and judgment was entered against Plaintiff. Although Plaintiff appealed, the appellate matter was dismissed on April 16, 2013, because Plaintiff failed to perfect the appeal.

**B.    Case Number 1:13-cv-00986-BAM, Jackson v. Palombo**

Shortly after dismissal of his appeal, Plaintiff filed the instant action on June 27, 2013, against Defendants Palombo and Niino for excessive force. As noted above, on June 4, 2014, the Court screened Plaintiff's complaint in this action and dismissed it with leave to amend. The Court found that Plaintiff had not alleged that his time credits had been restored or that his disciplinary conviction was overturned or otherwise invalidated. Plaintiff was given express leave to cure this deficiency to the extent that he could do so in good faith.

In his amended complaint, Plaintiff alleges as follows:  On July 9, 2009, a mandatory unclothed body search was being conducted by KVSP prison guards.  During the search, Defendant Palombo got mad at Plaintiff because Plaintiff was slow taking off his clothes.  Defendant Palombo failed to realize that Plaintiff utilized a four-legged metal walker and had 25 screws in his left leg and lower ankle from surgery.  Defendant Palombo placed the hand cuffs waist chain body restraints tightly on Plaintiff's wrist through the tray slot.  This caused Plaintiff's hands to swell up and turn red.

When the cell door was opened, Plaintiff asked Defendant Palombo to please loosen the tight cuffs.  Defendant Palombo told Plaintiff to shut up, knocked Plaintiff hard to the ground and started beating plaintiff, while Officer Niino held Plaintiff down.  Defendant Palombo kicked Plaintiff in his injured leg, and on his head, face and back.  Plaintiff was knocked unconscious and had to be taken to the infirmary in a wheelchair.  Once Plaintiff gained consciousness, he noticed that an institution service unit arrived and started taking pictures of Plaintiff's injuries for evidence.  The next day, Plaintiff suffered two swollen black eyes, he was bleeding profusely.  Plaintiff alleges that he was denied medical attention by Defendant Palombo, Officer Niino and Nurse Meza.[1]  Plaintiff was thrown in the hole without medical care for months on a false charge.

**C.     Discussion**

In Jackson v. Palumbo, et al., Case No. 1:10-cv-01129-SKO, the Court found that Plaintiff's excessive force claim against Defendants Palombo and Nino was barred by the favorable termination rule based on evidence that Plaintiff lost good time credits as a result of being found guilty of battery on a peace officer for the same incident as alleged in the instant case.

It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief.  Wilkinson v. Dotson, 544 U.S. 74, 78, 125 S.Ct. 1242 (2005) (action for restoration of good-time credits demands immediate release or a shorter period of detention and attacks duration of physical confinement).  Often referred to as the favorable termination rule or the Heck bar, this exception to section 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their

---

[1]     Plaintiff names Mike Palombo as the sole defendant in his amended complaint.  (ECF No. 14, pp. 1, 2.)

4

confinement - either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson, 544 U.S. at 81 (emphasis in original).  Thus, "a state prisoner's [section] 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-2.

Despite the Court's instructions, Plaintiff has not alleged in his amended complaint that his time credits have been restored or that his disciplinary conviction was overturned or otherwise invalidated.  Absent this information, the Court cannot determine, based on the amended complaint, whether or not this action is barred by the favorable termination rule.  Nonetheless, the Court finds it appropriate to recommend dismissal of this action, without prejudice, based on Plaintiff's failure to follow the Court's order regarding amendment of his complaint.

Local Rule 110 provides that a "failure . . . of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Ghazali, 46 F.3d at 53-54; Ferdik, 963 F.2d at 1260-61.

The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as Plaintiff has made no attempt to address the Court's order regarding amendment of his complaint.  The case has been pending since June 2013 and the Court cannot continue to grant leave to amend while awaiting compliance by Plaintiff.  The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 at 132-133; Henderson, 779 F.2d at 1424.  The Court's order issued on June 4, 2014, expressly stated "If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order."  (ECF No. 13, p. 5.)  Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance with the Court's order.

**IV.     Conclusion and Order**

For the reasons stated, it is HEREBY RECOMMENDED that this action be DISMISSED without prejudice based on Plaintiff's failure to comply with the Court's screening order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 19, 2014**                    /s/ *Barbara A. McAuliffe*
                                                          UNITED STATES MAGISTRATE JUDGE