# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JACKSON,<br><br>            Plaintiff,<br><br>     v.<br><br>MIKE PALOMBO, et al.,<br><br>            Defendants. | 1:13-cv-00986-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br>(ECF No. 21) |

### I.     **Procedural Background**

Plaintiff Richard Jackson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On June 4, 2014, the Magistrate Judge dismissed Plaintiff's original complaint, filed on June 27, 2013, with leave to amend. In order to determine whether or not the action was barred by the favorable termination rule, Wilkinson v. Dotson, 544 U.S. 74, 78, 125 S.Ct. 1242 (2005), the Magistrate Judge expressly directed Plaintiff to address, if he could do so in good faith, his failure to allege that his time credits had been restored or that his disciplinary conviction had been overturned or otherwise invalidated. (ECF No. 13, p. 4.)

On June 16, 2014, Plaintiff filed a first amended complaint. On June 19, 2014, the Magistrate Judge screened the complaint and issued Findings and Recommendations that this action be dismissed, without prejudice, based on Plaintiff's failure to comply with the Court's screening order. In particular, the Magistrate Judge found that Plaintiff had failed to comply

1   with the direction to allege whether or not his time credits had been restored or that his
2   disciplinary conviction was overturned or otherwise invalidated.  (ECF No. 17.)  Plaintiff
3   objected to the Magistrate Judge's Findings and Recommendations on July 3, 2014.

4       On July 15, 2014, following consideration of Plaintiff's objections, the undersigned
5   adopted the Findings and Recommendations in full and dismissed this action without prejudice.
6   (ECF No. 19.)  On the same date, the Clerk of the Court entered judgment.  (ECF No. 20.)

7       On July 28, 2014, Plaintiff filed the instant motion for reconsideration.  (ECF No. 21.)

8       **II.   Motion to Alter or Amend the Judgment**

9       Plaintiff filed his motion for reconsideration 13 days after entry of judgment.  A motion
10  for reconsideration, such as that filed by Plaintiff, is treated as a motion to alter or amend
11  judgment under Federal Rule of Civil Procedure 59(e) if it is filed within 28 days after the entry
12  of judgment.   United States v. Nutri-cology, Inc., 982 F.2d 394, 397 (9th Cir.1992); Fed. R. Civ.
13  P. 59(e).

14      Relief pursuant to Rule 59(e) is appropriate when there are highly unusual circumstances,
15  the district court is presented with newly discovered evidence, the district court committed clear
16  error, or a change in controlling law intervenes. School Dist. No. 1J, Multnomah County, Oregon
17  v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993). To avoid being frivolous, such a motion must
18  provide a valid ground for reconsideration. See MGIC Indem. Corp. v. Weisman, 803 F.2d 500,
19  505 (9th Cir.1986).

20      Here, Plaintiff requests that his case continue, asserting that he has difficulty
21  understanding, he has disabilities and his writing differs from his thinking.  Plaintiff also states
22  that he never knew he could "file for credits or have [a] disciplinary conviction overturned."
23  (ECF No. 21.)  Plaintiff has not provided the Court with a valid ground to alter or amend the
24  judgment, such as newly discovered evidence, clear error or a change in the controlling law.

25      Moreover, Plaintiff essentially has confirmed that he cannot allege, in good faith, that his
26  good time credits were restored or that his prison disciplinary conviction was overturned or
27  otherwise invalidated.  As Plaintiff's claims in this action are barred by the favorable termination
28  rule, the Court finds no basis to alter or amend the judgment. Wilkinson, 544 U.S. at 81-82.

**III.     Conclusion and Order**

For the reasons stated, Plaintiff's motion to alter or amend the judgment, filed on July 28, 2014, is DENIED.

IT IS SO ORDERED.

Dated:     **July 31, 2014**              /s/ Lawrence J. O'Neill
                                                              UNITED STATES DISTRICT JUDGE