# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JACKSON,<br><br>        Plaintiff,<br><br> v.<br><br>MIKE PALOMBO, et al.,<br><br>        Defendants. | 1:13-cv-00986-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br>(ECF No. 23) |

### I.    Procedural Background

Plaintiff Richard Jackson ("Plaintiff"), a state prisoner, proceeded pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On June 4, 2014, the Magistrate Judge dismissed Plaintiff's original complaint, filed on June 27, 2013, with leave to amend. In order to determine whether or not the action was barred by the favorable termination rule, Wilkinson v. Dotson, 544 U.S. 74, 78, 125 S.Ct. 1242 (2005), the Magistrate Judge expressly directed Plaintiff to address, if he could do so in good faith, his failure to allege that his time credits had been restored or that his disciplinary conviction had been overturned or otherwise invalidated. (ECF No. 13, p. 4.)

On June 16, 2014, Plaintiff filed a first amended complaint. On June 19, 2014, the Magistrate Judge screened the complaint and issued Findings and Recommendations that this action be dismissed, without prejudice, based on Plaintiff's failure to comply with the Court's screening order. In particular, the Magistrate Judge found that Plaintiff had failed to comply

with the direction to allege whether or not his time credits had been restored or that his disciplinary conviction was overturned or otherwise invalidated. (ECF No. 17.) Plaintiff objected to the Magistrate Judge's Findings and Recommendations on July 3, 2014.

On July 15, 2014, following consideration of Plaintiff's objections, the undersigned adopted the Findings and Recommendations in full and dismissed this action without prejudice. (ECF No. 19.) On the same date, the Clerk of the Court entered judgment. (ECF No. 20.)

On July 28, 2014, Plaintiff filed a motion for reconsideration. (ECF No. 21.) On July 31, 2014, the Court denied Plaintiff's motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e), finding that Plaintiff had not provided the Court with a valid ground to alter or amend the judgment, such as newly discovered evidence, clear error or a change in the controlling law. Further, the Court found that Plaintiff essentially confirmed he could not allege, in good faith, that his good time credits were restored or that his prison disciplinary conviction was overturned or otherwise invalidated. (ECF No. 22.)

On May 21, 2015, Plaintiff filed the instant motion for reconsideration. (ECF No. 23.)

**II.     Motion for Reconsideration**

Federal Rule of Civil Procedure 60(b)(6) allows the court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (quotations marks and citation omitted). The moving party must demonstrate both injury and circumstances beyond his control. Id. (quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations

marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted).

Plaintiff's motion for reconsideration sets forth no grounds entitling him to reconsideration of the Court's order dismissing this action.  Rather, Plaintiff's moving papers primarily concern the underlying merits of his disciplinary proceedings, which resulted in a guilty finding and the forfeiture of good time credits.  (ECF No. 23, pp. 1-3.)  Additionally, the motion includes exhibits demonstrating that Plaintiff has been denied restoration of his good time credits.  (ECF No. 23, Exs. A, B.)  By his motion and exhibits, Plaintiff has confirmed that he cannot allege, in good faith, that his good time credits were restored.  As Plaintiff's claims in this action are barred by the favorable termination rule, the Court finds no basis to grant Plaintiff relief from the judgment.  Wilkinson, 544 U.S. at 81-82.

### III.    Conclusion and Order

For the reasons stated, Plaintiff's motion for reconsideration, filed on May 21, 2015, is DENIED.

IT IS SO ORDERED.

Dated:   **May 26, 2015**                           **/s/ Lawrence J. O'Neill**
                                                    UNITED STATES DISTRICT JUDGE