1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9

10

11

12

13

14

| | |
|---|---|
| RICHARD JACKSON, | ) 1:13-cv-00986-LJO-BAM (PC) |
| | ) |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S THIRD |
| | ) MOTION FOR RECONSIDERATION |
| v. | ) |
| | ) (ECF No. 25) |
| MIKE PALOMBO, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

15

16      **I.      Procedural Background**

17           Plaintiff Richard Jackson ("Plaintiff"), a state prisoner, proceeded *pro se* and *in forma*

18   *pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  On June 4, 2014, the Magistrate

19   Judge dismissed Plaintiff's original complaint, filed on June 27, 2013, with leave to amend. In

20   order to determine whether or not the action was barred by the favorable termination rule,

21   Wilkinson v. Dotson, 544 U.S. 74, 78, 125 S. Ct. 1242 (2005), the Magistrate Judge expressly

22   directed Plaintiff to address, if he could do so in good faith, his failure to allege that his time

23   credits had been restored or that his disciplinary conviction had been overturned or otherwise

24   invalidated. (ECF No. 13, p. 4.)

25           On June 16, 2014, Plaintiff filed a first amended complaint.  On June 19, 2014, the

26   Magistrate Judge screened the complaint and issued Findings and Recommendations that this

27   action be dismissed, without prejudice, based on Plaintiff's failure to comply with the Court's

28   screening order. In particular, the Magistrate Judge found that Plaintiff had failed to comply with

1

1  the direction to allege whether or not his time credits had been restored or that his disciplinary

2  conviction was overturned or otherwise invalidated. (ECF No. 17.) Plaintiff objected to the

3  Magistrate Judge's Findings and Recommendations on July 3, 2014.

4       On July 15, 2014, following consideration of Plaintiff's objections, the undersigned

5  adopted the Findings and Recommendations in full and dismissed this action without prejudice.

6  (ECF No. 19.) On the same date, the Clerk of the Court entered judgment. (ECF No. 20.)

7       On July 28, 2014, Plaintiff filed a motion for reconsideration. (ECF No. 21.) On July 31,

8  2014, the Court denied Plaintiff's motion for reconsideration pursuant to Federal Rule of Civil

9  Procedure 59(e), finding that Plaintiff had not provided the Court with a valid ground to alter or

10  amend the judgment, such as newly discovered evidence, clear error or a change in the

11  controlling law. Further, the Court found that Plaintiff essentially confirmed he could not allege,

12  in good faith, that his good time credits were restored or that his prison disciplinary conviction

13  was overturned or otherwise invalidated. (ECF No. 22.)

14       On May 21, 2015, Plaintiff filed a second motion for reconsideration. (ECF No. 23.) On

15  May 27, 2015, the Court denied that motion, finding that it set forth no grounds entitling Plaintiff

16  to reconsideration of the Court's order dismissing this action. Specifically, that motion included

17  exhibits demonstrating that Plaintiff had been denied restoration of his time credits, and thus

18  Plaintiff again confirmed that he cannot allege, in good faith, that his time credits were restored.

19       Currently before the Court is Plaintiff's third motion for reconsideration. (ECF No. 25.)

20  **II.    <u>Third Motion for Reconsideration</u>**

21       Plaintiff states in his third motion for reconsideration that he did not appeal the relevant

22  rules violation. (<u>Id</u>. at 1.) He has also attached documents showing that he was assessed, among

23  other punishments, a loss of time credits for the violation. (<u>Id</u>. at 2.) Plaintiff contends that the

24  allegations in the rules violation report were falsified.

25       Federal Rule of Civil Procedure 60(b)(6) allows the court to relieve a party from an order

26  for any reason that justifies relief. "A motion for reconsideration should not be granted, absent

27  highly unusual circumstances, unless the district court is presented with newly discovered

28  evidence, committed clear error, or if there is an intervening change in the controlling law,"

1   Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009)

2   (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must

3   show more than a disagreement with the Court's decision, and recapitulation . . . " of that which

4   was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist.,

5   134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted).

6         Plaintiff's third motion for reconsideration once again sets forth no grounds entitling him

7   to reconsideration of the Court's order dismissing this action. As Plaintiff has been previously,

8   and repeatedly, informed, his claims in this action are barred by the favorable termination rule.

9         It has long been established that state prisoners cannot challenge the fact or duration of

10  their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief.

11  Wilkinson v. Dotson, 544 U.S. 74, 78, 125 S. Ct. 1242 (2005) (action for restoration of good-

12  time credits demands immediate release or a shorter period of detention and attacks duration of

13  physical confinement). Often referred to as the favorable termination rule or the Heck bar, this

14  exception to section 1983's otherwise broad scope applies whenever state prisoners "seek to

15  invalidate the duration of their confinement - either *directly* through an injunction compelling

16  speedier release or *indirectly* through a judicial determination that necessarily implies the

17  unlawfulness of the State's custody." Wilkinson, 544 U.S. at 81 (emphasis in original). Thus, "a

18  state prisoner's [section] 1983 action is barred (absent prior invalidation) - no matter the relief

19  sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct

20  leading to conviction or internal prison proceedings) - if success in that action would necessarily

21  demonstrate the invalidity of confinement or its duration." Id. at 81-2.

22        The Court understands that Plaintiff argues the events for which he was issued a rules

23  violation report, and found guilty of a violation, did not occur as alleged, and he wishes to bring

24  an action against certain correctional officers and other staff involved in the incident based on his

25  version of the events. That is exactly what the favorable termination rule or the Heck bar will not

26  permit him to do in this section 1983 civil rights action. Once again, Plaintiff is informed that he

27  may not bring a section 1983 action that will by necessity invalidate a previous judicial

28  determination that affected the validity or duration of his confinement, if he cannot show that his

1  good time credits have been restored, or that the disciplinary conviction was overturned or

2  otherwise invalidated. He cannot use this section 1983 action as an avenue for attempting to

3  overturn or invalidate the rules violation findings.

4  Since Plaintiff's motion and exhibits again confirm that claims in this action are barred

5  by the favorable termination rule, the Court finds no basis to grant Plaintiff relief from the

6  judgment. <u>Wilkinson</u>, 544 U.S. at 81-82. The Court will not entertain another motion to

7  reconsider this judgment based on the same arguments the Defendant has now repeatedly

8  presented and the Court has rejected.

9  **III.     Conclusion and Order**

10  For the reasons stated, Plaintiff's third motion for reconsideration, filed on December 3,

11  2015 (ECF No. 25), is DENIED.

12  IT IS SO ORDERED.

13  Dated:    **August 9, 2016**                  **/s/ Lawrence J. O'Neill**

14                                         UNITED STATES CHIEF DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28